# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cameron Maurice Stevens,            Civil No. 06-3679 (RHK)

                                                          Criminal No. 04-111 (1) (RHK/AJB)

           Petitioner,

vs.                                                              **ORDER**

United States of America,

           Respondent.

       Before the Court is Petitioner's pro se Section 2255 habeas petition seeking to vacate, set aside or correct his sentence. In 2005, Petitioner was convicted of various drug and weapons offenses and sentenced to a prison term of 271 months. His appeal challenging the issuance of a search warrant, its execution, and the sufficiency of the evidence at trial was unsuccessful. United States v. Stevens, 439 F.3d 983, 990 (8th Cir. 2006). This Petition followed.

       The claim of insufficient evidence was presented to, and resolved by, the Eighth Circuit. See Stevens, 439 F.3d at 983. It is not subject to collateral attack in this proceeding.

       With the exception of his claims of ineffective assistance of counsel, the remaining claims are barred because they were not raised on direct appeal, they lack any merit, and no actual prejudice has been shown.

Petitioner asserts that the Government was required to prove that the gun at issue was at least 18 inches in length or less. At trial, however, Petitioner stipulated that the gun in question was a "short-barreled shotgun under Title 18, United States Code, Section 921(6)." He also objects to the Court's renumbering of the Counts in the Indictment following the dismissal of one of the Counts during trial. Petitioner did not object to this procedure and no prejudice has been shown. His claim that there is no controlled substance identified as "cocaine base" is also without merit.

With respect to his claim that counsel was ineffective, it is also without merit. First, cocaine base is a controlled substance identified in schedule II of the Comprehensive Drug Abuse Prevention and Control Act. Petitioner's attorney cannot be found to be ineffective for failing to make a contrary argument. Second, the trial court correctly renumbered and instructed the jury on the counts that are the subject of his convictions. Petitioner's counsel was not ineffective for not challenging this matter, which is discretionary with the trial court. Third, Petitioner's counsel was not ineffective because of a stipulation which resulted in less evidence being presented by the government regarding a sawed-off shotgun. Strickland v. Washington requires a showing that a counsel's errors caused actual prejudice and deprived him of a fair trial. 466 U.S. 668, 687 (1984). Petitioner's claims fall well short of this standard.

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED**:

1. The Pro Se Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 1, CV-06-3679; Doc. No. 77, CR-04-111(1)) is **DENIED** and this matter is **DISMISSED**; and         2.

There is no basis for the issuance of a Certificate of Appealability and it will be **DENIED**.


Dated: January 17, 2007

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge