UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                        Crim. No. 04-111 (PAM)

           Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

Cameron Maurice Stevens,

           Defendant.

_____

This matter is before the Court on Defendant Cameron Maurice Stevens's Motion to Reduce Sentence under the First Step Act. Stevens initially filed the Motion pro se but moved for the appointment of counsel. Court-appointed counsel subsequently filed a new Motion to Reduce Sentence, and the Government filed an opposition to that Motion.

**BACKGROUND**

In June 2004, a jury found Stevens guilty of possession with intent to distribute in excess of 50 grams of crack cocaine, and of possession of a firearm in furtherance of a drug trafficking crime. The verdict form asked the jury whether the drug-possession charge "involve[d] 50 grams of more of a mixture of a substance containing a detectable amount of crack cocaine." (Docket No. 54 at 1.) The jury answered "Yes" to this question. The jury did not otherwise determine the amount of crack involved in Stevens's offense.

The Court sentenced Stevens to 151 months on the drug count and a mandatory consecutive 120 months on the gun count, for a total sentence of 271 months.[1] The Court

---

[1] The Court's oral pronouncement of sentence stated that Stevens' supervised-release term was 5 years in accordance with the mandatory minimum term the statutes of conviction

based the drug-count sentence on the presentence investigation report's conclusion that Stevens was responsible for 291 grams of crack cocaine, which resulted in a total offense level of 34 under the applicable sentencing guidelines. Stevens's criminal history category was a I, and his guidelines range was therefore 151 to 188 months.

Over the intervening 15 years, the Court has twice reduced Stevens's sentence after changes in the law. (Docket No. 98, 107.) Stevens is now subject to a 120-month sentence on the drug count and 120 months consecutive on the gun count, for a total term of 240 months. At the time of Stevens's last resentencing, 120 months was the mandatory minimum sentence for a conviction of possession with intent to distribute more than 50 grams of crack cocaine.

**DISCUSSION**

The instant Motion seeks a further reduction of Stevens's sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act permits retroactive reduction of certain crack-cocaine sentences imposed before the Fair Sentencing Act of 2010, which dramatically reduced sentences for crack-cocaine offenses. Id. § 404, 132 Stat. 5194. This section provides that a court may "impose [such] a reduced sentence" for a "covered offense." Id. § 404(b). The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by . . . the Fair Sentencing Act of 2010." Id. § 404(a). The disagreement in this case is whether Stevens's conviction is a "covered offense."

---

required, but the written Sentencing Judgment (Docket No. 61) mistakenly listed the supervised-release term as 4 years.

The Government argues vociferously that Stevens's conviction is not a "covered offense" because he was responsible for 291 grams of crack cocaine, an amount that is still subject to a 10-year mandatory minimum sentence. Thus, according to the Government, the Fair Sentencing Act did not reduce Stevens's sentence, and relief under the First Step Act is not appropriate. Stevens argues that his conviction was indeed for a "covered offense," as his conviction was for possession of 50 grams or more of cocaine base, not possession of 291 grams of cocaine base.

To the Court's knowledge, every court to have considered this issue has determined that the relevant inquiry is the statute of conviction, not the specifics of the particular defendant's offense. See United States v. Brown, No. 07cr354(1), 2019 WL 1895090, at *2 (D. Minn. Apr. 19, 2019) (Doty, J.) (citing cases). The Government attempts to obfuscate this unaninimity, contending that there is a split among Courts in this District as to whether the statute of conviction or the particulars of the offense controls. (Gov't's Opp'n Mem. (Docket No. 121) at 11-12.) But there is no split of authority in this District. The only decisions in this District rejecting the application of the First Step Act are cases involving drugs other than crack cocaine. Indeed, in most of the decisions the Government cites as "siding with the government's interpretation" (id. at 11), the Fair Sentencing Act did not apply because the offense involved substances other than crack cocaine,[2] not

---

[2] One case the Government cites as "siding with the government's interpretation" involved a defendant who was sentenced after the Fair Sentencing Act and thus was ineligible for First Step Act relief in the first instance. United States v. Awad, No. 15cr78, Docket No. 636 (D. Minn. July 15, 2019) (Nelson, J.).

3

because any defendant was held responsible for an amount of crack cocaine that made him or her ineligible for a Fair Sentencing Act reduction in the first instance.

This Court agrees with the reasoning in Brown and the cases cited therein: to determine whether a defendant is eligible to receive a sentencing reduction under the First Step Act, the Court should look to the statute of conviction and should not "delv[e] into the particulars of the record to determine how this specific defendant committed his or her offense of conviction . . . ." Brown, 2019 WL 1895090 at *2 (quoting United States v. Pierre, No. 07cr03, 2019 WL 1495123, at *5 (D.R.I. Apr. 5, 2019)). Here, Stevens was convicted of possession with intent to distribute 50 grams or more of crack cocaine, which carried a mandatory minimum term of 10 years. Under the Fair Sentencing Act, only possession of 280 grams or more of crack cocaine results in a mandatory minimum term of 10 years; possession of 28 grams or more of crack cocaine is subject to a 5-year minimum term of imprisonment.

Because of intervening changes in the law, Stevens's offense level is now 30, rather than 34. This results in a guidelines range of 97 to 121 months, with his gun count still carrying a mandatory consecutive 120-month sentence. Stevens argues that, if the Court sentences Stevens to the bottom of the guidelines range as it has done in the past, his total sentence will be 217 months, which is only a few months longer than the time Stevens has served when counting good-time credits under the First Step Act. He thus asks the Court to sentence him to time served. The Government asks that the Court not sentence Stevens below his applicable guidelines range and requests a sentence of 108 months on the drug count, making Stevens eligible for release in approximately one year.

The decision whether to apply the First Step Act and, if so, the amount of the sentence reduction rests entirely with this Court. First Step Act § 404(b), 132 Stat. 5194 (stating that a court "may" impose a reduced sentence). Given Stevens's relative lack of disciplinary violations as well as his employment history while incarcerated and his attempts to better himself through education and drug treatment, application of a sentencing reduction under the First Step Act is warranted.

At every juncture in Stevens's case, the Court has determined that a sentence at the bottom of the guidelines range was appropriate. The same holds true now.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motions to Reduce Sentence (Docket Nos. 114, 120) are **GRANTED**;

2. Defendant's term of imprisonment is reduced to 208 months, consisting of 97 months' imprisonment on the drug count, and a consecutive 120 months' imprisonment on the gun count, to be followed by a term of supervised release of 4 years;

3. Should this resentencing result in Defendant's release before the Bureau of Prisons can impose time in a residential reentry center, upon his release Defendant shall reside in a residential reentry center as approved by the probation officer and shall observe the rules of that facility; and

4. All other aspects of Defendant's sentence shall remain as previously imposed.

Dated: October 22, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge